**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

 **vs.**              **5:18-CV-241**
                    **(MAD/DEP)**
**TAMARA A. ARMSTRONG F/K/A**
**TAMARA S. GOLDSMITH,**

       **Defendant.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**MANFREDI LAW GROUP, PLLC**  **JOHN S. MANFREDI, ESQ.**
302 East 19th Street
Suite 2A
New York, New York 10003
Attorneys for Plaintiff

**TAMARA A. ARMSTRONG F/K/A**
**TAMARA A. GOLDSMITH**
17 Mechanic Street
Antwerp, New York 13608
Defendant, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 26, 2018, Plaintiff United States of America brought this action alleging that Defendant Tamara A. Armstrong failed to repay student loans. *See* Dkt. No. 1; Dkt. No. 10-1 at 2. On April 7, 2018, Plaintiff requested an entry of default, which was granted by the Clerk of the Court on April 9, 2018. *See* Dkt. Nos. 6, 7. Currently before the Court is Plaintiff's motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* Dkt. No. 10. For the following reasons, the motion is granted.

## II. BACKGROUND

The debt in question arises out of a contract signed by Defendant "to participate in the Nursing Scholarship Program, Section 846(d) of the Public Health service Act (42 U.S.C. § 297n(d))," in which

> One of the conditions for receipt of funds is that she maintain enrollment as a full-time student until completion of the course of study for which the scholarship was provided. Pursuant to 42 U.S.C. 297n(g)(1)(A), if a participant fails to maintain an acceptable level of academic standing in the nursing program, is dismissed from the nursing program for disciplinary reasons, or voluntarily terminates the nursing program, the participant is liable to the Federal Government for the amount of his or her award, and for interest on that amount at the maximum legal prevailing rate.

Dkt. No. 1-1 at 2. The scholarship was approved for $17,233.00 on September 14, 2011, to be applied to the 2011-2012 and 2012-2013 school years with interest accruing on this debt at a fixed rate of 10.875% per annum. *See id*. On June 4, 2012, Defendant defaulted on the loan. *See* Dkt. No. 10-1 at ¶ 8. Defendant "failed to submit her Fall 2012 Enrollment Verification Form . . . [and on] January 30, 2013 . . . the State University of New York confirmed Ms. Armstrong was no longer enrolled in the nursing program." Dkt. No. 1-1 at 2. The Certificate of Indebtedness states Defendant "did not enroll in summer classes which began June 4, 2012." *Id*. Voluntary payments were made on the debt from July 7, 2014 to November 4, 2014, in the amount of $612.00 and treasury offset payments were made on June 14, 2016, in the amount of $1,917.11, for a total of $2,529.11. *See* Dkt. No. 1-1 at 3. As of December 20, 2017, Defendant owed $17,233.00 in principal and $7,868.24 in interest, for a total debt of $25,101.24, with interest accruing on the principal at a rate of $6.16 per day. *See id*. at 2.

On March 8, 2018, Defendant was personally served with the summons and complaint. *See* Dkt. No. 4. Defendant did not appear or otherwise defend against the claim. *See* Dkt. No.

10-1 at 2. On April 9, 2018, the Clerk of the Court determined that Defendant was properly served and issued a certificate of default against Defendant. *See* Dkt. No. 7. Supervisory Accountant with the United States Department of Human Services, Melodie Sanders, and Plaintiff's counsel, John Manfredi, each provided a sworn affidavit stating that Defendant is not an infant or incompetent, and that she is not in the military service under the Federal Soldier's and Sailor's Civil Relief Act of 1940 as amended. *See* Dkt. No. 10-1 at ¶ 4; Dkt. No. 10-2 at ¶ 15.

### III. DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Carpineta*, No. 14-CV-0517, 2015 WL 500815, *1 (N.D.N.Y. Feb. 5, 2015) (quotation omitted). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); Fed. R. Civ. P. 55(a). "Second, under Fed. R. Civ. P. 55(b)(1), '[u]pon request of the plaintiff, a default judgment may be entered by the clerk when (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear.'" *Id.*

When entry by the clerk is inappropriate, "'pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *United States v. Simmons*, No. 10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

3

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

In order to establish its entitlement to the damages claimed, a plaintiff must submit specific documentary evidence sufficient to "ascertain the amount of damages with reasonable certainty." *United States v. Linn*, No. 10-CV-5289, 2011 WL 2848208, *2 (E.D.N.Y. July 14, 2011) (citation omitted). Courts have found an award of damages appropriate even when "relying solely on Certificates of Indebtedness." *United States v. Zdenek*, No. 10-CV-566, 2011 WL 6754100, *2 (E.D.N.Y. Dec. 22, 2011) (collecting cases).

In the present matter, Plaintiff has established through its filings and attached exhibits that it is entitled to judgment in its favor. As stated in the Certificate of Indebtedness from the United

4

States Department of Health and Human Services in support of the damages claimed and signed under penalty of perjury by Supervisory Accountant Melodie Sanders, Defendant defaulted on her obligations under the promissory note and a demand for payment of the debt was made. *See* Dkt. No. 1-1.  Additionally, by failing to answer Plaintiff's complaint or respond to this motion, Defendant "has effectively conceded" that she is subject to the terms of the promissory note, and is liable for monies owed. *See United States v. Beam*, No. 12-CV-98, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012).  Finally, Plaintiff has complied with the requirements set forth in Local Rule 55.2(b) to the extent required for the Court to grant Plaintiff's motion as to liability.

As to damages, Plaintiff's attached Certificate of Indebtedness is sufficient to establish damages owed. *See Zdenek*, 2011 WL 6754100, at *2.  The Certificate of Indebtedness states that Defendant received $17,233.00 in student loans on September 14, 2011, at an interest rate of 10.875% per annum. *See* Dkt. No. 1-1 at 2.  As of December 20, 2017, Defendant owed $17,233.00 in principal and $7,868.24 in interest, with additional interest accruing at a rate of $6.16 per day. *See id*.  An additional $1,219.68 has accrued between the date the Certificate of Indebtedness was issued and the date of this decision.

Pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to post-judgment interest.  The rate of such interest "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calender week preceding the date of judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

With regard to counsel for the Plaintiff's Rule 15(a)(2) motion to amend its pleading due to misspelling the Defendants first name, such "minor discrepanc[ies] [which] appear[] to be nothing more than a proof reading oversight or typographical error [do] not control the

5

disposition of the current motion." *Yan v. Bocar*, No. 04-CV-4194, 2005 WL 3005338, *6 (S.D.N.Y. Sept. 30, 2005); *see also State of N.Y. Higher Educ. Servs. Corp. v. Sparozic*, 35 A.D.3d 1069, 1070, 1072 (3d Dep't 2006) (granting default judgment and finding "the document sufficient to identify defendant" where defendant's name was misspelled on the summons with notice and affidavit of service). In the present matter, Defendant accepted service of process personally and "respond[ed] that he or she is in fact the person named in this action as the Recipient." Dkt. No. 10-2 at 11. Thus, Defendant was properly served pursuant to Federal Rule of Civil Procedure 4(e), and no amendment is necessary. Finally, Plaintiff has declined to make a request for legal fees and process server fees. *See* Dkt. No. 10-2 at ¶ 6.

## III. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 10) is **GRANTED**; and the Court further

**ORDERS** that damages are awarded in the following amount

    (1) unpaid principal and prejudgment interest of $26,320.92;

    (2) post-judgment interest at the statutory rates as discussed above;

and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 6, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge